IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KARL STEBBINS, as Personal
Representative of the Estate of
ELIZABETH STEBBINS, Deceased,

    Plaintiff,

vs.                                            Case No: 8:04-CV-1988-T-30-MAP

CITY OF VENICE, FLORIDA;
CHRISTOPHER LYKE; THOMAS
McNULTY; TROY R. CREPEAU;
and WILLIAM F. BALKWILL, as
Sheriff of Sarasota County,

    Defendants.
_____/

## QUALIFIED PROTECTIVE ORDER

    1.    This Order authorizes **ZIMMET, UNICE, SALZMAN, & HEYMAN, P.A.**, to obtain from protected health information from the following provider(s):

David P. Myers, M.D.
825 Linebaugh Avenue
Tampa, FL 33612

and

HealthCare Connections
825 Linebaugh Avenue
Tampa, FL 33612

    2.    Any and all information, documentation, records, billings, protected health information, information defined as confidential pursuant to 42 C.F.R. 431.300-307 and Chapter 397, Florida Statutes, and any other material whatsoever relative to **ELIZABETH STEBBINS, Deceased,** whose **Date of Birth is March 22, 1959,** and who possessed **Social**

**Security Number \*\*\*-\*\*-1501**.  This Order also authorizes the release of all privileged records for any sensitive matters, including but not limited to treatment for psychiatric evaluations, mental health or developmental disabilities; substance abuse (drug/alcohol); HIV/AIDS testing or treatment and sexually transmitted diseases.

3.  The parties are prohibited from using or disclosing the protected health information obtained pursuant to this order for any purpose other than this litigation.

4.  Any party who obtains protected health information where such information is not filed with the court shall ensure that the protected health information is returned to the covered entity or destroyed at the conclusion of this litigation.

5.  Any party who obtains protected health information where such information is filed with the court shall identify such information to the Clerk of the Court for sealing of the information.  A separate order sealing the records is not required.  Discovery shall only be filed with the court in accordance with the Rules of Procedure.

6.  Any party who obtains protected health information where such information is admitted into evidence shall identify such information to the court and the Clerk of the Court for a determination by the court at that time whether the evidence will be sealed.

7.  The Clerk of the Court shall retain protected health information identified by the parties in the court file or received into evidence by the court in accordance with Rule of Judicial Administration 2.051 and destroy such records in accordance with Rule of Judicial Administration 2.075 and applicable federal regulations.

**DONE** and **ORDERED** in Tampa, Florida on February 2, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Conformed copies to:
All Counsel/Parties of Record